## McCARTHY et al. v. NATIONAL PERFORA-TOR CO., Inc.

### No. 6233.

District Court, E. D. Pennsylvania.
Nov. 24, 1933.

Busser & Harding, of Philadelphia, Pa., and John Hoxie, Albert C. Nolte, Clarence M. Crews, and William H. Davis, all of New York City, for plaintiff.

Joshua R. H. Potts and T. Bertram Humphries, both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit for infringement of United States letters patent, No. 1,748,489, to McCarthy and Novick, relating to a device for facilitating by mechanical means the photographing of discrete documents, particularly checks.

The apparatus consists of three major parts:

(1) A camera is set up and provided with mechanism which advances the film step by step and operates the shutter so that a picture can be taken as each successive unexposed portion of the film comes into position for exposure.

(2) The second part consists of mechanism by which checks, fed into it sequentially, make a halting advance along a conveyor, being brought into the field of the camera, stopped temporarily, and moved on and discharged when photographed. The conveyor is so arranged that, with each stop, two new checks are brought before the camera and photographed simultaneously.

The device by which the checks are fed to the conveyor from a stack, or possibly a hopper, may be entirely eliminated from consideration, this feature having been expressly disclaimed in the course of the hearing; and this applies as well to the arrangement for restacking the checks after discharge, shown in figure 2 of the drawing.

(3) There is, of course, also mechanism for synchronizing the snapping of the shutter with the halting of the conveyor which carries the checks.

Claims 5, 18, 19, 21, and 27 are in issue, and they are all for the entire combination.

Every element of the combination is old. The specification expressly disclaims novelty in respect of the moving film and automatic shutter of the camera, referring to these merely as "suitable mechanism well known in the art for advancing the film," etc. Page 2, line 75. Nor is it suggested that there is anything new in the device for synchronizing the operation of the shutter with the movement of the checks into the camera field.

As to the remaining part of the combination—that which automatically moves the checks, serially arranged, into and out of the focus of the camera—it is argued that novelty can be found. But the claims for this portion of the combination are entirely too broad to be sustained as novel over the prior art.

For example, claim 5 is for a "transparent shield upon which the lens of said camera is focused * * * a series of slips, slip moving means engaging said series of slips successively to advance the same along said shield to a focusing position with respect to said lens. * * * " Claim 27 (which counsel stated expressed the same idea in more precise language) is for a combination containing "a document driving mechanism for bodily moving a series of separated documents individually and successively transversely of the field of view of said camera for substantially unobstructed exposure thereto." These two claims may be taken as typical. Claim 18 adds "means for supporting documents to be photographed by the camera." Claims 19 and 21 are very broad with respect to this portion of the device, the former claiming "means for engaging and positively feeding the discrete documents bodily to and beyond photographing position," and, the latter, "conveyor mechanism for feeding the documents successively into the focal range of the camera in the focal plane thereof."

Taking one example only from the prior

art, Chandler patent, No. 874,005, is designed to move a pile of checks sequentially into a field of vision, to hold each check there for a brief time, and then pass it on and discharge it. Granted that the Chandler machine was not intended for photographing the checks, but merely to display them so that a clerk could note their numbers and amounts or record them upon an adding machine, and granted further that to be photographed the checks would have to be held closer to the glass plate behind which they are displayed, nevertheless, the device certainly anticipates the broad claims for the plaintiff's conveyor means (as in claim 21) or document driving mechanism (as in claim 27). Take, for example, Chandler's first claim—"means for successively passing checks from the hopper and bringing them into alinement with the sight opening, holding means adapted to retain the check before the sight opening * * * and means for automatically withdrawing the holding means after a predetermined interval of time."

I do not say that claims could not be drawn on the plaintiff's actual commercial device which would escape anticipation (as to the conveyor element) by Chandler and the other prior art patents cited. I hold only that the claims as drawn do not.

A combination, though each separate element is old, may still be patentable if the combined function of its elements constitutes a new and inventive advance in the art. But the Jansen and De Khotinsky patents (Nos. 655,977 and 708,813) are combinations which accomplish exactly the same result as the patent in suit. The Jansen patent states its object as "recording checks, drafts and other writings or evidences of value in such manner that the record shall show a photographic facsimile of each paper to be recorded, the object being to afford for the use of banks * * * a method and means by which an exact record may be kept of the commercial paper which passes through the bank. * * *" A glance at the specification will show that the combined function of the elements of the Jansen combination is exactly the same as that of the plaintiff's patent.

Nor does plaintiff, using old elements to accomplish a result already attained, do it in any new way which entitles his patent to the rank of an invention. In fact the patents just referred to would be complete anticipations were it not for the fact that the plaintiff has substituted, for Jansen's hand operation of inserting each check in a kind of glass easel in order to present it to the camera, an automatic conveyor feed, which, as has been seen, is not in itself a new idea. The general rule is that supplanting a hand operation by an automatic device does not constitute invention. Of course there are cases in which it may, but I do not think this is one of them.

The commercial history of this device confirms rather than impairs this conclusion. It seems to me that the real problem was not to get a machine which would photograph checks, but to convince the banks that it would pay them to have it. The machines are by no means essential to ordinary banking operations. The record obtained is likely to be of greater use to the depositors than to the bank. In fact, it is largely as an additional service by the bank to its depositors that the machines are advertised and sold.

Once given the demand, or once having envisaged a potential demand, to create an automatic machine which would perform the work of the Jansen and De Khotinsky machines with greater speed and less time and trouble was a step which surely could have been taken by any one having an ordinary knowledge of mechanical principles. The automatic conveyor feed has long been in use in countless forms, and, in the Chandler patent, this particular art furnished an example of it applied to the displaying of checks under a transparent shield.

The plaintiff's device has made a fair commercial showing. He has since 1925 or 1926 sold approximately seven hundred machines to about five hundred banks—this out of a total of some fifteen or twenty thousand banks. However, I should say that whatever measure of success has come is a tribute rather to salesmanship than to invention.

The claims of the patent in issue are therefore held invalid, and the bill may be dismissed with costs.

The statements of fact and law in this opinion may be taken as specific findings and conclusions. If separate findings are desired, requests may be submitted in accordance with this opinion.