## McCARTHY et al. v. NATIONAL PERFORATOR CO., Inc.

### No. 5443.

Circuit Court of Appeals, Third Circuit.

March 12, 1935.

Busser & Harding, of Philadelphia, Pa., and William H. Davis, Albert C. Nolte, Clarence M. Crews, and George E. Faithfull, all of New York City, for appellants.

Joshua R. H. Potts and Basel H. Brune, both of Philadelphia, and Eugene V. Clarke, of Chicago, Ill., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This appeal is from a decree of the District Court holding invalid claims 5, 18, 19, 21, and 27 of letters patent No. 1,748,489, to McCarthy and Novick, relating to apparatus for photographing business documents, particularly checks, in rapid succession. 5 F. Supp. 210.

The apparatus consists of three parts: (1) A camera provided with means intermittently to take photographs as each successive portion of the film comes into position for exposure in timed relation with the thing to be photographed; (2) mechanism by which checks fed into it sequentially make an advance along a conveyor, halt for an instant as they come within the field of the camera, and then, being photographed, move on and are discharged; and (3) mechanism for synchronizing the halting of the conveyor which carries the checks and the snapping of the camera shutter.

The combination of camera, conveying means and synchronizing means for automatically photographing checks in a predetermined location was old in that art;

conveyor means for exposing and stamping checks was old in related arts; synchronizing shutter movement of a camera with the conveyor movement of checks was not new, in any event it would scarcely arise to the dignity of invention. Indeed, the only new element in the combination, if it really is new, and claimed, is means for holding and pressing the checks against the old glass plate in a conveyor of this type when within the field of the camera whereby the photograph is made better. We have not been able to find this element in the claims. However, if it is there hidden in the words, the thing itself is not inventive and therefore adds nothing to the old combination. Nor does the combination of old elements function in a new way within the sense of invention.

Subscribing to Judge Kirkpatrick's opinion in every respect, we find the decree he entered holding the five claims in suit invalid and dismissing the bill should be affirmed.